IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN J. MATSKO, III, and <br> TERESA A. MATSKO, <br>       Plaintiffs, <br><br>       v. <br><br> UNITED STATES OF AMERICA, and <br> RUDY KOTOR <br>       Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 02-76J <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM OPINION**

CONTI, District Judge.

    Pending before this court is a partial motion to dismiss filed by defendant United States of America (the "United States" or "government") seeking dismissal of paragraph 13 of plaintiffs' amended complaint for lack of subject-matter jurisdiction.  Plaintiffs John J. Matsko, III ("plaintiff-husband") and Teresa A. Matsko ("plaintiff-wife") (collectively, "plaintiffs") commenced a civil action against the government and Rudy Kotor ("defendant Kotor") pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, <u>et. seq.</u> alleging that defendant Kotor injured plaintiff-husband during the course of defendant Kotor's employment as a mine inspector for the Mine Safety Health Administration ("MSHA") of the Department of Labor, an agency of the United States.

    Previously, the government filed a motion to dismiss plaintiffs' amended complaint arguing that this court lacks subject-matter jurisdiction over both defendants and thus this case should be dismissed in its entirety.  The court granted the government's motion to dismiss. Plaintiffs appealed to the United States Court of Appeals for the Third Circuit.  The court of

appeals affirmed in part and reversed in part, agreeing with the court that the FTCA does not waive the United States' immunity for intentional assaults by government workers who are acting outside the scope of their employment, but holding that insofar as plaintiffs claim that the United States is liable for the negligence of defendant Kotor's supervisors and coworkers, then the lawsuit should not have been dismissed.  Matsko v. United States, 372 F.3d 556, 557 (3d Cir. 2004).  The court of appeals remanded the case for further proceedings consistent with its opinion.  Id.

Pending before the court now is the government's partial motion to dismiss paragraph 13 of the amended complaint for lack of subject-matter jurisdiction pursuant to Rules 12(b)(1), 12(b)(2), and 12(h)(3) of the Federal Rules of Civil Procedure.  The government argues that plaintiff-wife failed to exhaust her administrative remedies before filing this civil action as required by the FTCA and, therefore, paragraph 13 of the amended complaint should be dismissed for lack of subject-matter jurisdiction.

*Standard of Review*

The government files this partial motion to dismiss pursuant to Rules 12(b)(1), 12(b)(2), and 12(h)(3) of the Federal Rules of Civil Procedure.  When a Rule 12 motion is based on more than one ground, the court should consider the Rule 12(b)(1) challenge first because if the court must dismiss the complaint for lack of subject-matter jurisdiction, all other defenses and objections become moot.  In re Corestates Trust Fee Litig., 837 F.Supp. 104, 105 (E.D.Pa.1993) (Buckwalter, J.), aff'd, 39 F.3d 61 (3d Cir.1994).  Because the court bases its decision on the Rule 12(b)(1) challenge, the court does not consider other grounds for the motion pursuant to

Rules 12(b)(2) and 12(h)(3).

A Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction raises the issue of whether the court has the power to hear the matter before it.  <u>Mortensen v. First Fed. Sav. & Loan Ass'n</u>, 549 F.2d 884, 891 (3d Cir. 1977).  The plaintiff always has the burden of persuasion and must prove that subject-matter jurisdiction exists.  <u>Mortensen</u>, 549 F.2d at 891.

A motion to dismiss for lack of subject-matter jurisdiction may facially or factually challenge the court's jurisdiction.  <u>Id.</u>  A facial challenge is a technical defect that occurs when the allegations in the complaint do not sufficiently illustrate the court's jurisdiction.  5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE §1350 (2d ed. 1990).  In that instance, a court may only look at the complaint and any attachments thereto to determine whether subject-matter jurisdiction exists.  <u>Mortensen</u>, 549 F.2d at 891.  In contrast, a factual challenge is a substantive defect that occurs when the court lacks actual subject-matter jurisdiction regardless of the sufficiency of the allegations in the complaint.  5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE §1350 (2d ed. 1990).  In that instance, the court may consider evidence outside the complaint.  <u>Mortensen</u>, 549 F.2d at 891.

*Statement of Facts*

Plaintiffs alleged the following facts.  On June 1, 2000, plaintiff-husband John Matsko had a meeting with Earl Miller ("Miller"), a representative of MSHA, at MSHA's offices in Johnstown, Pennsylvania.  Am. Compl. ¶7.  Miller borrowed defendant Kotor's chair for plaintiff-husband to sit in during the meeting.  Am. Compl. ¶7.  At some point during the

meeting, defendant Kotor commented that plaintiff-husband was in his chair. Am. Compl. ¶7. Plaintiff-husband began to push himself up out of the chair, when defendant Kotor, without provocation, approached plaintiff-husband from behind, grabbed plaintiff-husband by the back of the neck, pushed him out of the chair, and slammed his neck and head forcefully down on a briefcase. Am. Compl. ¶7. Defendant Kotor's actions resulted in injuries to plaintiff-husband including a broken vertebra and a herniated disk in plaintiff-husband's neck. Am.Compl. ¶7.

Pursuant to paragraph 13 of the amended complaint, plaintiff-wife Teresa Matsko seeks to recover damages against the government for expenses, loss of earnings, loss of love, comfort, and society, and loss of consortium all arising out of the injuries suffered by plaintiff-husband (collectively, the "loss of consortium claim"). Am. Compl. ¶13. Whether plaintiff-wife adequately pursued administrative remedies before commencing this claim is the subject of the motion before the court.

Plaintiffs submitted a Standard Form 95 dated June 18, 2001 with the United States Department of Labor regarding plaintiff-husband's injury (the "2001 claim"). Dft. Br., Ex. A. The 2001 claim form listed **both** plaintiff-husband and plaintiff-wife in the box intended for the name and address of the claimant. Id. ("John Joseph Matsko, III & Teresa Matsko, his wife....") (box 2). The 2001 claim form, however, was signed only by plaintiff-husband. Id. (box 13a). The 2001 claim form described the nature and extent of the injury forming the basis of the claim as follows:

> Fracture of the C-7 vertebra of the neck, disc herniation at the C5-C6 level with neural encroachment, injury to the muscles, ligaments and other soft tissue of Mr. Matsko's neck and back, resulting nerve damage to Mr. Matsko's neck and back affecting Mr. Matsko's arms, legs, neck and head, severe headaches, pain and

weakness of the arms, impotence and other injuries.

Id. (box 10).  The 2001 claim form described the basis of the claim, without explicitly mentioning plaintiff-wife or the loss of consortium claim, as follows:

> John Matsko, III, is the safety director at PBS Coals, Inc.  On June 1, 2000, at about 2:30 p.m. John Matsko, III, while meeting with Earl Miller, a representative of the Federal Mine Safety and Health Administration at MSHA's offices in Richland Township, Cambria County, Pennsylvania, was injured by another MSHA inspector Rudy Kotor.  Mr. Kotor, without provocation, approached Mr. Matsko from behind and grabbed him by the back of the neck and slammed his neck and head forcefully down onto a briefcase, thereby breaking a vertebra in Mr. Matsko's neck, herniating a disc in his neck, damaging the muscle, ligaments and other soft tissue in his neck and back and causing nerve damage to his neck and back with resultant injury to his neck and back that has even affected his arms and legs.  As a result of the severe injuries to Mr. Matsko, he missed more than one week of his work and he has only worked since that time with physical limitations.  It is expected that Mr. Matsko will suffer permanent limitations as the result of his injuries.

Id.  (box 8, attached sheet).

Nearly one year later, more than one month after plaintiffs commenced this lawsuit, plaintiffs submitted another Standard Form 95 dated May 29, 2002 with the United States Department of Labor regarding plaintiff-husband's injury (the "2002 claim").  Dft. Br., Ex. C.  The 2002 claim form listed *only* plaintiff-wife in the box intended for the name and address of the claimant, id. ("Teresa Matsko....") (box 2), and was signed only by plaintiff-wife.  Id. (box 13a).  The 2002 claim form described the nature and extent of the injury and the basis of the claim as follows:

> Teresa Matsko's husband, John Matsko, III, .... [detailed description of the event giving rise to and the injury to plaintiff-husband] .... As the result of the injuries to John Matsko, III, Teresa Matsko, his wife, has suffered and will continue to suffer in the future a loss of consortium including the loss of support, services, love,

>companionship, affection, society, sexual relations, solace, earning capacity and power and other damages.

Id. (box 8 and 10, attached sheet). The 2001 claim and the 2002 claim each list "$5 Million" for both the amount for personal injury and the total amount of the claim. Dft. Br., Ex. A, C.

*Analysis*

### A. Federal Tort Claims Act

The United States, as sovereign, is immune from suit unless it consents to be sued through a waiver. United States v. Mitchell, 463 U.S. 206, 212 (1983); United States v. Sherwood, 312 U.S. 584, 586 (1941). Any waiver of sovereign immunity is to be strictly construed in favor of the sovereign and must be "unequivocally expressed" in the statutory text. Department of the Army v. Blue Fox, Inc., 525 U.S. 255, 261 (1999). Congress has waived sovereign immunity on a variety of issues through the enactment of statutes like the FTCA. Id. at 260.

The FTCA provides that, subject to certain exceptions, "[t]he United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. §2674. More specifically, the FTCA further provides that the United States is liable for "personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. §2679(b)(1).

### B. Jurisdictional Prerequisites to Commencing Suit under the Federal Tort Claims Act

The FTCA, however, expressly limits the jurisdiction of the district courts to hear claims

by imposing strict administrative requirements for claimants who wish to commence a civil suit against the United States in federal court. Claimants must first file an administrative claim with the relevant government agency before commencing a lawsuit:

> An action shall not be instituted upon a claim against the United States for money damages for ... personal injury ... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, **unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail**. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section ....

28 U.S.C. § 2675(a) (emphasis added). The filing of an administrative claim is a jurisdictional prerequisite to a FTCA suit which, under the jurisprudence of this Circuit, cannot be waived:

> As a sovereign, the United States is immune from suit save as it consents to be sued. The terms of its consent to be sued in any court define the court's jurisdiction to entertain the suit ... Although the [FTCA] allows suits against the Government for torts committed by its employees while in the scope of their employment, it specifically requires an initial presentation of the claim to the appropriate federal agency and a final denial by that agency as a prerequisite to suit under the Act. **This requirement is jurisdictional and cannot be waived.**

Bialowas v. United States, 443 F.2d 1047, 1048-49 (3d Cir. 1971) (internal citations omitted) (emphasis added).

The issue before the court is whether subject-matter jurisdiction exists as to the loss of consortium claim set forth in paragraph 13 of plaintiffs' amended complaint. In its brief, the United States argues that this court lacks subject-matter jurisdiction over plaintiff-wife's loss of consortium claim because plaintiff-wife failed to file an administrative claim regarding her loss of consortium claim, as mandated by the FTCA, prior to commencing this action in federal

district court.  Plaintiffs respond that plaintiff-wife exhausted her administrative remedies as required by the FTCA prior to commencing this lawsuit because (1) the 2001 claim constitutes a proper filing of plaintiff-wife's claim or, in the alternative, (2) plaintiff-wife corrected any deficiency by way filing the 2002 claim form in her own name.  The court addresses these arguments in turn.

***1. Plaintiff-wife did not satisfy jurisdictional prerequisites in the 2001 claim.***

The United States Court of Appeals for the Third Circuit has recognized that the purpose of section 2675(a)'s requirement that an individual with a claim against the United States first present the claim to the appropriate Federal agency is to give the government "minimal notice" of the circumstances of the accident in order that the agency may investigate it and respond by settlement or defense.  See Tucker v. United States Postal Service, 958 676 F.2d 954, 958 (3d Cir. 1982).  When the law of Pennsylvania is applicable, courts have "consistently held that spouses claiming loss of consortium under the FTCA are required to file a separate administrative claim as a jurisdictional prerequisite" to bringing suit.  Nazarenus v. United States, 1996 WL 156408 *2 (E.D. Pa. 1996) (citations omitted).  See, e.g., Dugan v. Coastal Industries Inc., 96 F.Supp.2d 481, 485 (E.D. Pa. 2000); Susanin v. United States, 570 F.Supp. 25, 26 (W.D. Pa. 1983); Collins v. General Motors Corp., 101 F.R.D. 1, 2-3 (W.D. Pa. 1982); Ryan v. United States, 457 F.Supp. 400, 401-2 (W.D. Pa. 1978); Mudlo v. United States, 423 F.Supp. 1373, 1375-76 (W.D. Pa. 1976).

The FTCA provides generally that the law of the state where the acts of negligence and injury occurred shall be applied to determined the government's liability.  See Nazarenus, 1996 WL 156408 *2 (citing 28 U.S.C. § 2674).  Under Pennsylvania law, loss of spousal consortium is

a separate and distinct cause of action.  See Collins, 101 F.R.D. at 3  (citing Nunamaker v. New Alexandria Bus Co., Inc., 88 A.2d 697, 699 (Pa. 1952)); Ryan, 457 F.Supp at 403 (same).  Therefore, when the law of Pennsylvania is applicable, courts have reasoned that because loss of spousal consortium is a separate cause of action, the filing of one spouse's personal injury claim with the relevant federal agency does not put the government on notice as to the loss of consortium claim of the non-injured spouse.  See  Nazarenus v. United States, 1996 WL 156408 *2 (citing Ryan, 457 F.Supp. at 402-3).  When Pennsylvania law is applicable, spouses claiming loss of consortium under the FTCA are required to file a separate administrative claim as a jurisdictional prerequisite to filing suit in federal court.  Id.

     Here, plaintiffs argue that plaintiff-wife fulfilled the administrative filing requirement and exhausted her administrative remedies because she filed an administrative claim along with her husband pursuant to the 2001 claim form.  Plaintiffs argue that, although plaintiff-wife did not sign the 2001 claim, nor state her consortium loss therein, because the claim form identifies plaintiff-wife as well as plaintiff-husband as "claimant," the government is incorrect that plaintiff-wife did not file an administrative claim.  Plaintiffs rely on  Hunter v. United States, 417 F.Supp. 272 (N.D. Cal. 1976) (claim form signed by claimants' personal representative rather than by claimants), for the proposition that failure to sign personally a claim form is not always a basis to dismiss a plaintiff's case for failure to exhaust administrative remedies where there was no evidence that the defendant was hampered from evaluating the claim.  Plaintiffs rely also on Tucker for the broader proposition that an individual meets the jurisdictional requirements of the FTCA "if the claimant (1) gives the agency written notice of his or her claim sufficient to enable the agency to investigate and (2) places a value of his or her claim."  676 F.2d at 959.  Plaintiffs,

in addition, seek to distinguish Bialowas v. United States, 443 F.2d 1047 (3d Cir. 1971), cited correctly by the government as authority for the proposition that filing an administrative tort claim is a jurisdictional prerequisite to a FTCA suit which cannot be waived, on its facts.

These arguments, however, are to no avail. Though plaintiffs are correct that the requirement that claimants file an administrative claim as a jurisdictional prerequisite to commencing suit in federal court is, at its core, a notice requirement, the weight of authority which has applied Pennsylvania law in determining whether the filing of one spouse's personal injury claim with the relevant federal agency will put the government on sufficient notice of the non-injured spouse's loss of consortium claim holds that spouses claiming loss of consortium under the FTCA must file a separate administrative claim to fulfill this notice requirement. See Nazarenus v. United States, 1996 WL 156408 *2 (E.D. Pa. 1996) (discussing the weight of authority in support of this proposition). See also Wozniak v. United States, 701 F.Supp. 259 (D. Mass. 1988) ("It is also well settled by an impressive number of cases that, where loss of consortium is a separate and independent claim under the applicable state law, it must be expressly raised in an administrative claim to satisfy the jurisdictional requirements of the [FTCA].") (citations omitted).

Though there is some authority in other districts supporting a more liberal interpretation of what constitutes "adequate notice" in the loss of consortium claim context, see, e.g., Kokaras v. United States, 750 F.Supp. 542 (D. N.H. 1990) (not considering Pennsylvania law), the court will not ignore the weight of authority which applied Pennsylvania law and strictly interpreted the jurisdictional prerequisite of the FTCA to mean that a non-injured spouse must file a separate administrative claim in order to put the government on adequate notice of a loss of consortium

claim. While the facts underlying some of the decisions supporting this principle are more egregious than the facts of this case in terms of the actual or constructive notice that the government might have received given the information contained on the claim form, the reasoning and holdings of those decisions still apply here because Pennsylvania law regards the claim for loss of consortium as a separate and independent claim. See, e.g., Dugan, 96 F.Supp.2d 481, 485-86, n.5 (E.D. Pa. 2000) (holding that non-injured spouse's claim for loss of consortium must be dismissed because non-injured spouse was not mentioned on the administrative claim, noting that "even if [non-injured spouse's] claim had been included in [injured spouse's] claim, '[t]he administrative procedures outlined in 28 U.S.C. § 2675(a) must be pursued separately with respect to each claim in order for this Court to have subject-matter jurisdiction.'") (quoting Yillah v. United States, 1998 WL 661545 at *4 (E.D. Pa. 1998)). In Yillah the court explained that "the administrative procedures outlined in 28 U.S.C. § 2675(a) must be pursued separately with respect to each claim in order for this Court to have subject-matter jurisdiction over the claim." Id. (citing McDevitt v. United States Postal Serv., 963 F.Supp. 482, 484 (E.D.Pa.1997) (Joyner, J.); Ferguson v. United States, 793 F.Supp. 107, 110 (E.D.Pa.1992) (Bartle, J.); Murray v. United States, 604 F.Supp. 444, 446 (E.D.Pa.1985) (Shapiro, J.)).

### *2. Plaintiff-wife did not correct any deficiency by way of filing the 2002 claim.*

Plaintiffs argue that any deficiency regarding the jurisdictional prerequisites of the FTCA that was occasioned by plaintiff-wife's failure to exhaust administrative remedies is cured by plaintiff-wife's filing the 2002 claim form. Plaintiffs ask the court to view this second claim form as a "supplement or amendment" to plaintiffs' first claim form and deny the government's partial motion to dismiss.

The government argues that the 2002 claim form cannot be viewed as a "supplement or amendment" because it is well-established that the exhaustion of administrative remedies on a FTCA claim must ***precede*** the filing of the federal lawsuit, citing McNeil v. United States, 508 U.S. 106 (1993) (holding that FTCA action may not be maintained when the claimant failed to exhaust his administrative remedies prior to filing suit, but did so before substantial progress in the litigation) and Livera v. First Nat'l State Bank, 879 F.2d 1186, 1194 (3d Cir.), cert. denied, 493 U.S. 937 (1989). The court concludes that McNeil controls. Because plaintiff-wife only filed the 2002 claim after commencing this lawsuit, filing the 2002 claim did not exhaust her administrative remedies prior to the institution of the lawsuit, as required by the clear language of the statute. See 28 U.S.C. § 2675(a). Therefore, the court will not view the 2002 claim as a "supplement or amendment" to the 2001 claim and the second claim will not cure the jurisdictional defects of the first claim.

### *Conclusion*

Plaintiff-wife did not exhaust her administrative remedies before initiating her loss of consortium claim in this lawsuit. Her claim against the United States as set forth in paragraph 13 of the amended complaint, therefore, must be dismissed for lack of subject-matter jurisdiction. For the foregoing reasons, the partial motion to dismiss filed by the United States (Doc. No. 28) is hereby **GRANTED**. Paragraph 13 of plaintiffs' amended complaint is hereby dismissed without prejudice.

        By the court,


        <u>/s/ Joy Flowers Conti</u>
        Joy Flowers Conti
        United States District Judge

Dated:  September 30, 2005

cc:   Counsel of Record